Filed 6/14/13  P. v. Weathers CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>LARREL MARTIN WEATHERS,<br><br>        Defendant and Appellant. | C072350<br><br>(Super. Ct. No. 11F06396) |

A jury found defendant Larrel Martin Weathers guilty of possession of a firearm by a convicted felon.  (Pen. Code, § 12021, subd.(a)(1).)[1]  The trial court found that he had a prior serious felony conviction (§§ 667, subds. (b)-(i), 1170.12) and had served a prior prison term (§ 667.5, subd. (b)).  A count of obstructing a peace officer (§ 148, subd. (a)(1)) was dismissed in the interest of justice.

Defendant was sentenced to prison for seven years, consisting of twice the upper term of three years plus one year for the prison term.  He was awarded 383 days of

---

[1]    Further statutory references are to the Penal Code unless otherwise indicated.

custody credit and 190 days of conduct credit, and ordered to pay a $1,000 restitution fine (§ 1202.4, subd. (b)), a $1,000 restitution fine suspended unless parole is revoked (§ 1202.45), a $40 court operations fee (§ 1465.8, subd. (a)(1)), a $30 court facilities assessment (Gov. Code, § 70373), a $340.01 booking fee and a $62.09 classification fee (Gov. Code, § 29550.2).

FACTS

On the morning of September 15, 2011, Sacramento Police Officer Scott Blynn was patrolling in a marked car. He saw defendant, on a bicycle, make two traffic violations: he rode on a sidewalk, and he failed to use proper hand signals. Blynn activated his overhead lights in order to perform an enforcement stop. When defendant failed to yield to the lights, Blynn activated his siren and in-car camera and chased after defendant. Blynn was not able to keep the bicycle in view the entire time he was chasing it.

During the chase, Officer Blynn did not see defendant throw anything from the bicycle. Later, when he viewed the recording from the camera, Blynn noticed that, when they passed a high crime area, defendant's right hand had come off of the handlebars and had moved downward. After colliding with the patrol car, defendant abandoned the bicycle and ran down an alley, Blynn chased him down on foot and handcuffed him. Defendant explained that he had run because he believed his parole officer had issued an arrest warrant for him and he was en route to the parole officer. In fact, no warrant had been issued and the nearest parole office was more than 10 miles away.

When arrested, defendant had a cellular telephone in his possession. Defendant acknowledged to Officer Blynn that the telephone belonged to him.

Toua Lee testified that he resided in Sacramento along the route of Officer Blynn's pursuit. While in his garage on September 15, 2011, Lee heard sirens and saw the police chasing a Black man who was wearing dark clothes and riding a bicycle. As the bicycle passed by, at approximately 9:45 a.m., Lee heard something hit his lawn.

2

When shown a video obtained from the patrol car, Lee testified that it appeared to depict the bicycle rider who had dropped the gun into his front yard.

Lou Lor, the wife of Toua Lee, testified that she did not see a bicycle but did see a patrol car with its lights and sirens activated.

When Lee and Lor investigated the lawn moments later, they found a little gun that looked like a toy. They left the item in place and went to their place of business. When they returned home that evening, they saw that the gun was still on the lawn. Lor telephoned the police, and an officer retrieved the gun. The gun was a Raven Arms .25-caliber semiautomatic handgun.

Sacramento County Sheriff's Officer Kenny Shelton obtained defendant's cellular telephone from the jail and retrieved data from the phone. The phone contained 61 photographs, hundreds of text messages, and records of numerous incoming and outgoing telephone calls. A photograph designated People's exhibit 9 was taken on September 9, 2011. Photographs designated People's exhibits 10 and 11 were enlargements of exhibit 9. The photographs depicted a Raven Arms .25-caliber semiautomatic handgun.

The parties stipulated that no identifiable fingerprints were found on the gun. They also stipulated that defendant previously had been convicted of a felony.

The defense presented several exhibits consisting primarily of photographs obtained from the cellular telephone and rested subject to the admission of the exhibits. Thereafter, the defense re-opened to present brief testimony from defendant's parole agent. The agent left a message for defendant at one of his contact numbers telling defendant to appear at her office at 1:00 p.m. on September 15, 2011, or else she would issue a warrant.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25

3

Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.

Defendant filed a supplemental brief identifying seven separate issues but providing no argument, authority, or record reference to support his claims. This does not comply with the California Rules of Court, which provides that an appellate brief must "[s]upport each point by argument and, if possible, by citation of authority" (rule 8.204(a)(1)(B)); and must "support any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears" (rule 8.204(a)(1)(C)).

In any event, none of defendant's contentions has merit.

I

Defendant contends there was "[n]o probable cause after the dismissal of the traffic infraction, anything thereafter is fruit of poision [*sic*]." The contention appears to refer to the prosecution's failure to pursue the two traffic violations, i.e., riding on a sidewalk and failure to use proper hand signals. But defendant identifies no violation of law during the observation of those infractions that would render the discovery of the firearm an unlawful fruit. No error appears.

II

Defendant claims there was an "[i]llegal search and seizure of information retrieved from cell phone in violation of 4th Amendment." The trial court rejected this contention because defendant, a parolee, had waived his Fourth Amendment rights; and the search was not done to harass him, because it is common for crime suspects to photograph their guns and store the images on their cellular telephones. Defendant has not identified any error in the trial court's reasoning and ruling.

III

Defendant notes there were "[n]o fingerprints or DNA recovered from [the] firearm, belonging to" him. But he does not claim fingerprint or DNA evidence was

4

required to support his conviction. In any event, the conviction is supported by substantial evidence. (E.g., *People v. Boyer* (2006) 38 Cal.4th 412, 479-480.)

IV

Defendant next complains of the "use of images from a <u>phone</u> that was never proven to be [his] and that was never introduced as evidence." (Original underscoring.) Defendant overlooks Officer Blynn's testimony that defendant acknowledged that the telephone belonged to him. As we have seen, the prosecution and defense introduced numerous items of evidence obtained from the telephone. No reason to introduce the telephone instrument appears.

V

Defendant claims he was "[d]enied [his] right to fair and impartial trial in violation of 6th Amendment." The claim fails for lack of elucidation. Our review of the record has failed to show any denial of defendant's right to a fair and impartial trial.

VI

Defendant next claims he received "[c]ruel and unusual punishment for a sentence in violation of 6th Amendment." The claim fails. " 'It is a defendant's burden to prove the punishment prescribed for his or her offense is unconstitutional. [Citation.]' " (*People v. King* (1993) 16 Cal.App.4th 567, 572, quoting *People v. Wingo* (1975) 14 Cal.3d 169, 174, 183.) By providing no supporting argument or authority, defendant has failed to meet his burden to prove a Sixth Amendment violation.

VII

Defendant lastly contends he received "[i]neffective appellate counsel for not raising meritorious issues." With the exception of the credit computation issue, which we address and resolve *post*, we have not identified any meritorious issues that could result in a disposition more favorable to defendant. Thus, the ineffective assistance claim fails.

5

VIII

Our review of the record discloses that defendant was in presentence custody from September 15, 2011, through October 12, 2012, a period of 394 days. Under section 4019, defendant is entitled to 196 days of conduct credit.

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is modified to award defendant 394 days of custody credit and 196 days of conduct credit. As so modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment and to forward a certified copy to the Department of Corrections and Rehabilitation.


                                                    NICHOLSON    , J.



We concur:



    RAYE        , P. J.



    MURRAY     , J.




6